IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHERIE CHALYCE GLEAVE,<br><br>    Plaintiff,<br><br> vs.<br><br>UNITED STATES, et al.,<br><br>    Defendants. | Civil No. 23-00482 LEK-KJM<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PLAINTIFF CHERIE CHALYCE GLEAVE'S COMPLAINT FOR FAILURE TO PROSECUTE |

FINDINGS AND RECOMMENDATION
TO DISMISS PLAINTIFF CHERIE CHALYCE
GLEAVE'S COMPLAINT FOR FAILURE TO PROSECUTE

On November 22, 2023, pro se Plaintiff Cherie Chalyce Gleave ("Plaintiff") filed suit against Defendants United States, Joe Biden, individually and in the capacity of allegedly acting as President, Department of Justice, Merrick B. Garland, individually and in the capacity of U.S. Attorney General, Federal Bureau of Investigation, Christopher Wray, individually and in the capacity of Director of the F.B.I., Administrative Office of the U.S. Courts, Rhonda L. Griswold, individually and in the capacity of Hawaii State Bar Association President, Department of Commerce and Consumer Affairs, Nadine Y. Ando, individually and in the capacity of being an agent of the Department of Commerce and Consumer Affairs, Hawaii State Judiciary Deputy Administrative Director of the

Courts, Brandon Kimura, individually and in connection with Hawaii State Judiciary Deputy Administrative Director of the Courts, Kauai Chief Judge, Randal Valenciano, individually and in connection with the acting role of Kauai Chief Judge, Hawaii State Trial Judges Association, Randal G.B. Valenciano, individually and in connection with the Hawaii State Trial Judges Association, Judicial Selection Commission, Ronette M. Kawakami, individually and in connection with the Judicial Selection Commission, Kauai District Court Judge Michael Soong, individually and in his acting role as Judge in Kauai District Court(s), and any and all individuals and/or Government Agents and/or those holding Court Leadership Positions who are responsible for Michael Soong's appointment, training, etc. (collectively, "Defendants").  ECF No. 1.

    Since Plaintiff filed her Complaint, the Court has been unable to hold the Rule 16 Scheduling Conference because Plaintiff has not served any Defendant.  The Court has instead held multiple status conferences with Plaintiff to discuss her obligation to serve each and every Defendant.  ECF No. 9 (January 22, 2024), ECF No. 16 (March 1, 2024), ECF No. 19 (April 2, 2024).  At each status conference, Plaintiff confirmed that she had not taken any steps to serve any Defendant.  At the most recent April 2, 2024 status conference, Plaintiff also confirmed that she did not intend to serve any Defendant.  The Court advised Plaintiff that, given her statements, it would be issuing an order to show cause regarding service, which could lead to dismissal without prejudice of her Complaint.

On April 3, 2024, the Court issued an Order to Show Cause ("04/03/2024 OSC"), which ordered Plaintiff to show cause in writing why the Complaint should not be dismissed for lack of service.  ECF No. 20 at 4.  On April 19, 2024, Plaintiff timely filed a response to the 04/03/2024 OSC ("Response").  ECF No. 21.

DISCUSSION

A plaintiff must serve a proper summons and complaint on the defendants for the court to have jurisdiction over the defendants.  *See* Fed. R. Civ. P. 4; *Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." (citations omitted)).  Plaintiff's statements in the Response are consistent with her previous indications to the Court that she does not intend to serve Defendants.  As an example, Plaintiff is adamant that President Biden is not alive, and thus she is unable to serve him.  Given Plaintiff's refusal to take steps to serve any Defendant, the Court finds and recommends that the district court dismiss the Complaint for lack of service.

"It is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution."  *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) (citation omitted); *see also Pagano v. OneWest Bank, F.S.B*., CV. No. 11-00192 DAE-RLP, 2012 WL 74034, at *6 (D. Haw. Jan. 10, 2012) (citing *Link v. Wabash R.R. Co*., 370 U.S. 626, 629-31 (1962) ("The power to invoke this sanction is necessary in

3

order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.")). The court must weigh five factors to determine whether to dismiss a case for lack of prosecution or failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the availability of less drastic alternatives; and (5) the public policy favoring the disposition of cases on their merits ("*Pagtalunan* factors"). *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)). For the reasons below, the Court finds that dismissal of the Complaint is appropriate given Plaintiff's failure to prosecute.

    First, the public's interest in expeditious resolution of this litigation weighs in favor of dismissal because this case has been pending since November 2023, and Plaintiff has failed to serve any Defendant. Most significantly, Plaintiff refuses to even attempt service.

    Second, the Court's need to manage its docket weighs strongly in favor of dismissal because Plaintiff's failure to prosecute this action, or even appear for a status conference, has interfered with the Court's ability to manage its docket. To date, Plaintiff fails to provide sufficient reasoning as to why she will not serve Defendants.

4

Third, the risk of prejudice to Defendants weighs heavily in favor of dismissal. Defendants will suffer prejudice if this case continues without Plaintiff effecting service. Plaintiff's inaction has impaired Defendants' ability to proceed to trial and threatens to interfere with the resolution of this case. *See Pagtalunan*, 291 F.3d at 642 (citing *Malone v. United States Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)).

Fourth, less drastic sanctions are not appropriate. The Court held multiple status conferences, at each of which the Court reminded Plaintiff of her obligation to serve Defendants. At the April 2, 2024 status conference, Plaintiff told the Court that she has no intention of serving any Defendant, and the Response confirms this. The Court thus finds that it would be futile to recommend a lesser sanction because Plaintiff has demonstrated that such action would not compel her to take the necessary steps to prosecute this action.

Fifth, the Court acknowledges that public policy favors disposition of cases on their merits. Thus, this final factor weighs against dismissal. This Court finds, however, that because four of the factors weigh in favor of dismissal, this factor is outweighed. Accordingly, dismissal is appropriate.

Notwithstanding this Court's finding that Plaintiff has failed to prosecute this case, the Court finds that these failures do not provide sufficient grounds to support dismissal with prejudice. The Court finds that four of the five *Pagtalunan* factors weigh in favor of dismissal; however, under these circumstances, these

5

factors do not weigh "strongly" in favor of dismissal.  *Cf. In re Lagmay*, CIV. NO. 15-00166 DKW/RLP, 2015 WL 5970667, at *2 (D. Haw. Oct. 13, 2015), *aff'd sub nom.*, *Lagmay v. Nobriga*, No. 15-17068, 2016 WL 7407294 (9th Cir. Dec. 22, 2016) (concluding that dismissal with prejudice is appropriate when at least three of the *Pagtalunan* factors weighed "strongly" in support of dismissal). Accordingly, although the Court finds that dismissal is appropriate, this Court recommends that the district court's dismissal of the Complaint be without prejudice.

## CONCLUSION

Based on the foregoing, the Court FINDS and RECOMMENDS that the district court DISMISS WITHOUT PREJUDICE Plaintiff's Complaint for failure to prosecute.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, April 26, 2024.



Kenneth J. Mansfield
United States Magistrate Judge

*Gleave v. United States*, Civil No. 23-00482 LEK-KJM; Findings and Recommendation to Dismiss Plaintiff Cherie Chalyce Gleave's Complaint for Failure to Prosecute